FILED

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

10 DEC 20 PM 1:51

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**ALEXANDER RIVERA,**

**Plaintiff,**

v.

**CITY OF TAMPA;**
**REGINALD A. JAMES, Individually;**
**ERIC WARD, Individually;**
**DESIREE AYO, Individually;**
**JASON DEGAGNE, Individually;**
**RONALD JOHNSON, Individually;**
**and OTHER UNIDENTIFIED TAMPA**
**POLICE DEPARTMENT OFFICERS,**
**in their Individual Capacities,**

**Defendants.**

_____/

**CASE NO.:**

8:10CV2851|33EAJ

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ALEXANDER RIVERA (Mr. Rivera), by and through his undersigned Counsel, and hereby sues Defendants, the CITY OF TAMPA (the City), REGINALD A. JAMES (Ofc. James) in his individual capacity, ERIC WARD (Sgt. Ward) in his individual capacity, DESIREE AYO (Ofc. Ayo) in her individual capacity, JASON DEGAGNE (Ofc. Degagne) in his individual capacity, RONALD JOHNSON (Ofc. Johnson) in his individual capacity) and OTHER UNIDENTIFIED TAMPA POLICE DEPARTMENT OFFICERS (the Unidentified Officers) in their individual capacities (Ofc. James, Sgt. Ward, Ofc. Ayo, Ofc. Degagne, Ofc. Johnson and the other Unidentified Officers are referred to collectively as the "Officers") and requests a jury trial, alleging the following:

### INTRODUCTION

1.      Plaintiff, Mr. Rivera, brings this action individually as a United States citizen.

2.    Plaintiff, Mr. Rivera, was the victim of numerous Constitutional violations and Florida state law torts, further described below, as a result of the actions taken by the Defendants, the City, Ofc. James, Sgt. Ward, Ofc. Ayo, Ofc. Degagne, Ofc. Johnson and the Unidentified Officers, whose identities cannot be ascertained due to the Officers' failure to complete the required use of force documentation.

3.    Plaintiff, Mr. Rivera, alleges Constitutional violations of his federal civil rights by the Defendants, the City and the Officers, specifically:

    a)    battery by law enforcement officers;

    b)    excessive force by law enforcement officers;

    c)    false imprisonment;

    d)    unlawful search and seizure in violation of the Fourth Amendment;

    e)    due process violations of his bodily integrity guaranteed under the Fourteenth Amendment as a free citizen; and

4.    Plaintiff, Mr. Rivera, alleges the Defendants, the City and the Officers, committed the state law torts of:

    a)    battery; and

    b)    false imprisonment.

## JURISDICTION AND VENUE

5.    This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

6.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 and on the supplemental jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367 and Local Rule 1.02(b)(4).

7.     Venue is proper in this district because it is where the events complained of occurred.

8.     Plaintiff, Mr. Rivera, timely filed his notice of claim pursuant to § 768.28, Fla. Stat. (2001), regarding his supplemental state tort claims against Defendants, the City and the Officers, and has provided them the required amount of time to resolve this claim.  There is no administrative exhaustion requirement regarding Plaintiff, Mr. Rivera's, civil rights claims under 42 U.S.C. § 1983.

## PARTIES

9.     Plaintiff, Mr. Rivera, is an adult United States citizen and, at all relevant times, was a resident of the State of Florida and of Hillsborough County, Florida.

10.     Defendant, Officers, were at all times relevant to the matters addressed in this lawsuit employed as law enforcement officers by the City with the Tampa Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Tampa Police Department.

11.     Defendants, Officers, are sued in their individual capacities only.

12.     Defendant, the City is sued as the governing body in charge of law enforcement operations conducted by the Tampa Police Department and its members.

## STATEMENT OF FACTS

13.     On or about April 21, 2007,  Plaintiff, Mr. Rivera, was at approximately the 1500 block of 7th Avenue in Ybor City, Tampa,  Florida, (Ybor City is within the law enforcement jurisdiction of the Tampa Police Department) with a friend when his friend became involved in an altercation with another individual.  Defendant, Officers, responded to the scene.

14.     Plaintiff, Mr. Rivera, observed the altercation but did not involve himself in it.

15.     Plaintiff, Mr. Rivera, was very careful to avoid behaviors that any of the Defendant, Officers, might use to conjure charges against him. Plaintiff, Mr. Rivera, did not want the police to use his concern regarding the safety of his arrested friend as a pretext to abuse and falsely arrest him.

16.     Plaintiff, Mr. Rivera, asked the Defendant, Ofc. Ayo, if he could follow the officers and his friend to their car. Plaintiff, Mr. Rivera, wanted to assure the safety of his friend.

17.     Defendant, Ofc. Ayo, told Plaintiff, Mr. Rivera, "follow me" while motioning with her hand.

18.     Plaintiff, Mr. Rivera, complied with the Officer's instructions to follow him.

19.     Defendant, Ofc. Ayo, then instructed Plaintiff, Mr. Rivera, to sit on the curb, in which he complied.

20.     Once Plaintiff, Mr. Rivera, was seated, the Defendant, Officers, began using excessive force against his friend. The Defendant, Officers, beat his friend after the friend was already subdued and under the Defendant, Officers', control.

21.     Plaintiff, Mr. Rivera, feared for his friend's safety and well being as the force he witnessed used exceeded any need for force. Plaintiff, Mr. Rivera, also feared for his own safety and well-being because he was a witness to the abuse. He did not want the Defendant, Officers, to retaliate against him for inquiring about the excessive force. He did not want to give the Defendant, Officers, a pretext to beat or arrest him. Plaintiff, Mr. Rivera, made a non-aggressive · and reasonable inquiry to the Defendant, Officers, as to why they were beating his friend after he was already subdued and under the Defendant, Officers', control.

22.     During his inquiry, Plaintiff, Mr. Rivera, remained seated on the curb.

23.     As Plaintiff, Mr. Rivera, sat on the curb, one of the Defendant, Officers, walked by with his mace/pepper spray container by his side, hidden in his hand.

24.     As the Defendant, Officer, walked by Plaintiff, Mr. Rivera, he twisted his hand around to reveal that he was holding the container, and without any just cause or provocation, sprayed Plaintiff, Mr. Rivera, in the eyes as his hand passed in front of Plaintiff, Mr. Rivera's, face.

25.     After spraying Plaintiff, Mr. Rivera, in the eyes with the mace/pepper spray, Defendant, Officer, laughed at Plaintiff, Mr. Rivera, as he suffered the effects of being maced in the eyes.

26.     Plaintiff, Mr. Rivera, did not respond to the Defendant, Officer's, provocation but remained seated and hung his head down while experiencing a great deal of pain.

27.     Plaintiff, Mr. Rivera, remained continually seated on the curb for about five minutes, battling his pain and running eyes and nose, while avoiding confrontation with all of the Defendant, Officers.

28.     The Defendant, Officers, then directed their attention to Plaintiff, Mr. Rivera. They pulled him up from the curb, handcuffed him and shoved him toward a police cruiser.

29.     Once at the police cruiser and at all times during this involuntary encounter, Plaintiff, Mr. Rivera, remained cooperative, compliant, and non-aggressive although in discomfort and pain.

30.     The Defendant, Officers, began to kick and to beat Plaintiff, Mr. Rivera, with their elbows and fists, including severe blows to his abdomen.

31.     It should be noted that the General Offense Police Report (GO2007-225340) created by Defendant, Ofc. James, states, "level of force or control used: handcuffs,

countermeasures (punches, kicks, knees, elbows)." However, in his recorded sworn statement given to the Internal Affairs investigator he states that the only force used on Plaintiff, Mr. Rivera, by him was handcuffs, and that he put the countermeasures in his report only because he was told to do so by someone else, but he has no recollection of who told him to include that in his report. According to internal affairs investigation statements, officers involved in this incident, investigation and arrest are as follows: Ofc. James, Sgt. Ward, Ofc. Ayo, Ofc. Degagne and Ofc. Johnson.

32.     As a result of the beating inflicted by the Defendant, Officers, Plaintiff, Mr. Rivera, suffered injuries to his eyes, face, stomach, lower back, right thumb and left wrist, and most significantly, a damaged appendix that had to be removed.

33.     Plaintiff, Mr. Rivera, was arrested by Defendants, Officers, taken to jail and falsely charged with Obstructing or Opposing an Officer without Violence. The purpose of the arrest was to retaliate against Plaintiff, for his inquiries about his friend's arrest; to suppress his legitimate questioning of their improper use of force against his friend; and to suppress his own potential claims of excessive force.

34.     At the Hillsborough County Jail, Plaintiff, Mr. Rivera, began to suffer additional pain and symptoms resulting from the body blows and the damage to his appendix that would eventually have to be removed. These injuries are apparent in the jail video which depicts Plaintiff, Mr. Rivera, continually going to the restroom area to vomit as a result of the blows he sustained to the abdominal area.

35.     Plaintiff, Mr. Rivera, bonded out of jail as soon as possible in order to get proper and competent medical attention, on April 22, 2007.

36.     Plaintiff, Mr. Rivera, went to Tampa General Hospital (TGH), where he was diagnosed with acute appendicitis, and his appendix was removed. His TGH hospital bill was $22,575.20.

37.     Plaintiff, Mr. Rivera, suffered loss of liberty; physical pain and suffering; mental and emotional pain and suffering; humiliation and embarrassment; medical and other expenses; loss of income; permanent scarring and disfigurement; he has become severely restricted in his physical activity; he continues to suffer from the damages and injuries arising from the event; and he will continue to suffer the damages and injuries in the future.

38.     As a result of the excessive force used by the Defendant, Officers, Plaintiff, Mr. Rivera, made an Internal Affairs Complaint on April 26, 2007. To date, the internal affairs department has refused to make any formal findings with regards to the force used against Plaintiff, Mr. Rivera.

39.     The actions of all Defendant, Officers, violated the following clearly established and well-settled federal constitutional rights of Plaintiff, Mr. Rivera, of which a reasonable person would have known:

      a)      Freedom from the unreasonable seizure of his person;

      b)      Freedom from the use of deadly, excessive, unreasonable and unjustified force against his person;

      c)      Substantive due process right to be free from arbitrary government conduct which shocks the conscience and which is not tolerated in a free society; and

      d)      Freedom of speech and expression.

## COUNT I

## 42 U.S.C. § 1983 EXCESSIVE FORCE CLAIM AGAINST OFFICER JAMES[1]

40.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

41.    Defendant, Ofc. James, unlawfully seized Plaintiff, Mr. Rivera, when he intentionally began to kick and beat Plaintiff, Mr. Rivera, with his elbows and fists, including severe blows to Plaintiff, Mr. Rivera's, abdomen.

42.    Defendant, Ofc. James', use of force constituted excessive, unjustified and unnecessary force under the facts and circumstances and caused severe and permanent injuries to the Plaintiff, Mr. Rivera.

43.    Defendant, Ofc. James', use of force upon Plaintiff, Mr. Rivera, was an objectively unreasonable use of force given the totality of the circumstances.

  a.    Plaintiff, Mr. Rivera, was charged with resisting arrest *without* violence. Although highly disputed, at most Mr. Rivera was using verbal resistance as stated in the General Offense Police Report (GO2007-225340). Mr. Rivera was not committing a serious crime.

  b.    Plaintiff, Mr. Rivera, did not pose any threat to Defendant, Ofc. James, or any other person present. Plaintiff, Mr. Rivera, was unarmed and complied with all of Defendant, Ofc. James', directives during the entirety of the incident.

  c.    Plaintiff, Mr. Rivera, was at no time trying to escape or flee the area. In fact, he asked Defendant, Ofc. Ayo, if he could follow the officers to the location where they were taking Mr. Rivera's friend, to which she said yes, and Mr. Rivera followed. While at the next location, Mr. Rivera remained seated on the curb as directed to by the officers, and stayed there until he was escorted by the officers to the police cruiser and arrested. At no time did Mr. Rivera offer any physical resistance.

44.    This cause of action is brought by Plaintiff, Mr. Rivera, against Defendant, Ofc.

---

[1] Due to the large number of counts which are pled in this Complaint, Plaintiff has attached as Exhibit A a spreadsheet of all counts and corresponding Defendants for the readers ease.

James, for the excessive use of force under color of law that deprived Plaintiff, Mr. Rivera, of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

45.     Defendant, Ofc. James, while acting in his capacity as an officer for the Tampa Police Department and under color of law, did unlawfully seize and use excessive force on Plaintiff, Mr. Rivera, or did directly and indirectly aid and abet other Tampa Police Officers in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**COUNT II**

**42 U.S.C. § 1983 EXCESSIVE FORCE CLAIM AGAINST SERGEANT WARD**

46.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

47.     Defendant, Sgt. Ward, unlawfully seized Plaintiff, Mr. Rivera, when he intentionally began to kick and beat Plaintiff, Mr. Rivera, with his elbows and fists, including severe blows to Plaintiff, Mr. Rivera's, abdomen.

48.     Defendant, Sgt. Ward's, use of force constituted excessive, unjustified and unnecessary force under the facts and circumstances and caused severe and permanent injuries to the Plaintiff, Mr. Rivera.

49.     Defendant, Sgt. Ward's, use of force upon Plaintiff, Mr. Rivera, was an objectively unreasonable use of force given the totality of the circumstances.

    a.     Plaintiff, Mr. Rivera, was charged with resisting arrest *without* violence. Although highly disputed, at most Mr. Rivera was using verbal resistance as stated in the General Offense Police Report (GO2007-225340). Mr. Rivera was not committing a serious crime.

   b. Plaintiff, Mr. Rivera, did not pose any threat to Defendant, Sgt. Ward, or any other person present. Plaintiff, Mr. Rivera, was unarmed and complied with all of Defendant, Sgt. Ward's, directives during the entirety of the incident.

   c. Plaintiff, Mr. Rivera, was at no time trying to escape or flee the area. In fact, he asked Defendant, Ofc. Ayo, if he could follow the officers to the location where they were taking Mr. Rivera's friend, to which she said yes, and Mr. Rivera followed. While at the next location, Mr. Rivera remained seated on the curb as directed to by the officers, and stayed there until he was escorted by the officers to the police cruiser and arrested. At no time did Mr. Rivera offer any physical resistance.

50. This cause of action is brought by Plaintiff, Mr. Rivera, against Defendant, Sgt. Ward, for the excessive use of force under color of law that deprived Plaintiff, Mr. Rivera, of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

51. Defendant, Sgt. Ward, while acting in his capacity as a Sergeant for the Tampa Police Department and under color of law, did unlawfully seize and use excessive force on Plaintiff, Mr. Rivera, or did directly and indirectly aid and abet other Tampa Police Officers in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT III

## 42 U.S.C. § 1983 EXCESSIVE FORCE CLAIM AGAINST OFFICER AYO

52. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

53. Defendant, Ofc. Ayo, unlawfully seized Plaintiff, Mr. Rivera, when she intentionally began to kick and beat Plaintiff, Mr. Rivera, with his elbows and fists, including severe blows to Plaintiff, Mr. Rivera's, abdomen.

54. Defendant, Ofc. Ayo's, use of force constituted excessive, unjustified and

unnecessary force under the facts and circumstances and caused severe and permanent injuries to the Plaintiff, Mr. Rivera.

55.    Defendant, Ofc. Ayo's, use of force upon Plaintiff, Mr. Rivera, was an objectively unreasonable use of force given the totality of the circumstances.

      a.    Plaintiff, Mr. Rivera, was charged with resisting arrest *without* violence. Although highly disputed, at most Mr. Rivera was using verbal resistance as stated in the General Offense Police Report (GO2007-225340). Mr. Rivera was not committing a serious crime.

      b.    Plaintiff, Mr. Rivera, did not pose any threat to Defendant, Ofc. Ayo, or any other person present. Plaintiff, Mr. Rivera, was unarmed and complied with all of Defendant, Ofc. Ayo's, directives during the entirety of the incident.

      c.    Plaintiff, Mr. Rivera, was at no time trying to escape or flee the area. In fact, he asked Defendant, Ofc. Ayo, if he could follow the officers to the location where they were taking Mr. Rivera's friend, to which she said yes, and Mr. Rivera followed. While at the next location, Mr. Rivera remained seated on the curb as directed to by the officers, and stayed there until he was escorted by the officers to the police cruiser and arrested. At no time did Mr. Rivera offer any physical resistance.

56.    This cause of action is brought by Plaintiff, Mr. Rivera, against Defendant, Ofc. Ayo, for the excessive use of force under color of law that deprived Plaintiff, Mr. Rivera, of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

57.    Defendant, Ofc. Ayo, while acting in her capacity as an officer for the Tampa Police Department and under color of law, did unlawfully seize and use excessive force on Plaintiff, Mr. Rivera, or did directly and indirectly aid and abet other Tampa Police Officers in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT IV

### 42 U.S.C. § 1983 EXCESSIVE FORCE CLAIM AGAINST OFFICER DEGAGNE

58.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

59.     Defendant, Ofc. Degagne, unlawfully seized Plaintiff, Mr. Rivera, when he intentionally began to kick and beat Plaintiff, Mr. Rivera, with his elbows and fists, including severe blows to Plaintiff, Mr. Rivera's, abdomen.

60.     Defendant, Ofc. Degagne's, use of force constituted excessive, unjustified and unnecessary force under the facts and circumstances and caused severe and permanent injuries to the Plaintiff, Mr. Rivera.

61.     Defendant, Ofc. Degagne's, use of force upon Plaintiff, Mr. Rivera, was an objectively unreasonable use of force given the totality of the circumstances.

      a.    Plaintiff, Mr. Rivera, was charged with resisting arrest *without* violence. Although highly disputed, at most Mr. Rivera was using verbal resistance as stated in the General Offense Police Report (GO2007-225340). Mr. Rivera was not committing a serious crime.

      b.    Plaintiff, Mr. Rivera, did not pose any threat to Defendant, Ofc. Degagne, or any other person present. Plaintiff, Mr. Rivera, was unarmed and complied with all of Defendant, Ofc. Degagne's, directives during the entirety of the incident.

      c.    Plaintiff, Mr. Rivera, was at no time trying to escape or flee the area. In fact, he asked Defendant, Ofc. Ayo, if he could follow the officers to the location where they were taking Mr. Rivera's friend, to which she said yes, and Mr. Rivera followed. While at the next location, Mr. Rivera remained seated on the curb as directed to by the officers, and stayed there until he was escorted by the officers to the police cruiser and arrested. At no time did Mr. Rivera offer any physical resistance.

62.     This cause of action is brought by Plaintiff, Mr. Rivera, against Defendant, Ofc. Degagne, for the excessive use of force under color of law that deprived Plaintiff, Mr. Rivera, of

constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

63. Defendant, Ofc. Degagne, while acting in his capacity as an officer for the Tampa Police Department and under color of law, did unlawfully seize and use excessive force on Plaintiff, Mr. Rivera, or did directly and indirectly aid and abet other Tampa Police Officers in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT V

### 42 U.S.C. § 1983 EXCESSIVE FORCE CLAIM AGAINST OFFICER JOHNSON

64. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

65. Defendant, Ofc. Johnson, unlawfully seized Plaintiff, Mr. Rivera, when he intentionally began to kick and beat Plaintiff, Mr. Rivera, with his elbows and fists, including severe blows to Plaintiff, Mr. Rivera's, abdomen.

66. Defendant, Ofc. Johnson's, use of force constituted excessive, unjustified and unnecessary force under the facts and circumstances and caused severe and permanent injuries to the Plaintiff, Mr. Rivera.

67. Defendant, Ofc. Johnson's, use of force upon Plaintiff, Mr. Rivera, was an objectively unreasonable use of force given the totality of the circumstances.

a. Plaintiff, Mr. Rivera, was charged with resisting arrest *without* violence. Although highly disputed, at most Mr. Rivera was using verbal resistance as stated in the General Offense Police Report (GO2007-225340). Mr. Rivera was not committing a serious crime.

b. Plaintiff, Mr. Rivera, did not pose any threat to Defendant, Ofc. Johnson, or any other person present. Plaintiff, Mr. Rivera, was unarmed and

complied with all of Defendant, Ofc. Johnson's, directives during the entirety of the incident.

c.   Plaintiff, Mr. Rivera, was at no time trying to escape or flee the area. In fact, he asked Defendant, Ofc. Ayo, if he could follow the officers to the location where they were taking Mr. Rivera's friend, to which she said yes, and Mr. Rivera followed. While at the next location, Mr. Rivera remained seated on the curb as directed to by the officers, and stayed there until he was escorted by the officers to the police cruiser and arrested. At no time did Mr. Rivera offer any physical resistance.

68.   This cause of action is brought by Plaintiff, Mr. Rivera, against Defendant, Ofc. Johnson, for the excessive use of force under color of law that deprived Plaintiff, Mr. Rivera, of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

69.   Defendant, Ofc. Johnson, while acting in his capacity as an officer for the Tampa Police Department and under color of law, did unlawfully seize and use excessive force on Plaintiff, Mr. Rivera, or did directly and indirectly aid and abet other Tampa Police Officers in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT VI

### 42 U.S.C. § 1983 EXCESSIVE FORCE CLAIM AGAINST UNIDENTIFIED TAMPA POLICE DEPARTMENT OFFICERS

70.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

71.   Defendant, the Unidentified Officers, unlawfully seized Plaintiff, Mr. Rivera, when they intentionally began to kick and beat Plaintiff, Mr. Rivera, with their elbows and fists, including severe blows to Plaintiff, Mr. Rivera's, abdomen.

72.   Defendant, the Unidentified Officers', use of force constituted excessive,

unjustified and unnecessary force under the facts and circumstances and caused severe and permanent injuries to the Plaintiff, Mr. Rivera.

73.    Defendant, the Unidentified Officers', use of force upon Plaintiff, Mr. Rivera, was an objectively unreasonable use of force given the totality of the circumstances.

a.    Plaintiff, Mr. Rivera, was charged with resisting arrest *without* violence. Although highly disputed, at most Mr. Rivera was using verbal resistance as stated in the General Offense Police Report (GO2007-225340). Mr. Rivera was not committing a serious crime.

b.    Plaintiff, Mr. Rivera, did not pose any threat to Defendant, the Unidentified Officers, or any other person present. Plaintiff, Mr. Rivera, was unarmed and complied with all of Defendant, the Unidentified Officers', directives during the entirety of the incident.

c.    Plaintiff, Mr. Rivera, was at no time trying to escape or flee the area. In fact, he asked the female officer if he could follow the officers to the location where they were taking Mr. Rivera's friend, to which she said yes, and Mr. Rivera followed. While at the next location, Mr. Rivera remained seated on the curb as directed to by the officers, and stayed there until he was escorted by the officers to the police cruiser and arrested. At no time did Mr. Rivera offer any physical resistance.

74.    This cause of action is brought by Plaintiff, Mr. Rivera, against Defendant, the Unidentified Officers, for the excessive use of force under color of law that deprived Plaintiff, Mr. Rivera, of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

75.    Defendant, the Unidentified Officers, while acting in their capacity as officers for the Tampa Police Department and under color of law, did unlawfully seize and use excessive force on Plaintiff, Mr. Rivera, or did directly and indirectly aid and abet other Tampa Police Officers in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT VII

## 42 U.S.C. § 1983 FALSE IMPRISONMENT CLAIM AGAINST OFFICER JAMES

76.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

77.     Defendant, Ofc. James, did not have probable cause to believe that Plaintiff, Mr. Rivera, had committed the alleged criminal offense of resisting arrest without violence in that the facts and circumstances known to Defendant, Ofc. James, were not sufficient to cause a reasonably cautious person to believe Plaintiff, Mr. Rivera, had committed the alleged criminal offense of resisting arrest without violence

78.     Defendant, Ofc. James, intentionally caused Plaintiff, Mr. Rivera, to be arrested and restrained for the alleged criminal offense of resisting arrest without violence or aided and abetted other Tampa Police officers in making the arrest. Defendant, Ofc. James, purposely caused Plaintiff, Mr. Rivera's, arrest and restraint or otherwise acted with knowledge that Plaintiff, Mr. Rivera's, arrest and restraint would be substantially certain to occur.

79.     The arrest and restraint of Plaintiff, Mr. Rivera, was against his will and was unlawful, unreasonable, and without color of authority.

80.     As a direct and proximate result of the intentional act of Defendant, Ofc. James, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

81. This cause of action is brought by Plaintiff, Mr. Rivera, against Defendant, Ofc. James, for his false arrest under color of law that deprived Plaintiff, Mr. Rivera, of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful seizure and arrest. Defendant, Ofc. James, while acting in his capacity as a police officer and under color of law, did unlawfully seize and confine Plaintiff, Mr. Rivera, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT VIII

## 42 U.S.C. § 1983 FALSE IMPRISONMENT CLAIM AGAINST SERGEANT WARD

82. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

83. Defendant, Sgt. Ward, did not have probable cause to believe that Plaintiff, Mr. Rivera, had committed the alleged criminal offense of resisting arrest without violence in that the facts and circumstances known to Defendant, Sgt. Ward, were not sufficient to cause a reasonably cautious person to believe Plaintiff, Mr. Rivera, had committed the alleged criminal offense of resisting arrest without violence.

84. Defendant, Sgt. Ward, intentionally caused Plaintiff, Mr. Rivera, to be arrested and restrained for the alleged criminal offense of resisting arrest without violence or aided and abetted other Tampa Police officers in making the arrest. Defendant, Sgt. Ward, purposely caused Plaintiff, Mr. Rivera's, arrest and restraint or otherwise acted with knowledge that Plaintiff, Mr. Rivera's, arrest and restraint would be substantially certain to occur.

85. The arrest and restraint of Plaintiff, Mr. Rivera, was against his will and was unlawful, unreasonable, and without color of authority.

86.     As a direct and proximate result of the intentional act of Defendant, Sgt. Ward, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

87.     This cause of action is brought by Plaintiff, Mr. Rivera, against Defendant, Sgt. Ward, for his false arrest under color of law that deprived Plaintiff, Mr. Rivera, of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful seizure and arrest. Defendant, Sgt. Ward, while acting in his capacity as a Sergeant and under color of law, did unlawfully seize and confine Plaintiff, Mr. Rivera, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT IX

### 42 U.S.C. § 1983 FALSE IMPRISONMENT CLAIM AGAINST OFFICER AYO

88.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

89.     Defendant, Ofc. Ayo, did not have probable cause to believe that Plaintiff, Mr. Rivera, had committed the alleged criminal offense of resisting arrest without violence in that the facts and circumstances known to Defendant, Ofc. Ayo, were not sufficient to cause a reasonably cautious person to believe Plaintiff, Mr. Rivera, had committed the alleged criminal offense of resisting arrest without violence

90. Defendant, Ofc. Ayo, intentionally caused Plaintiff, Mr. Rivera, to be arrested and restrained for the alleged criminal offense of resisting arrest without violence or aided and abetted other Tampa Police officers in making the arrest. Defendant, Ofc. Ayo, purposely caused Plaintiff, Mr. Rivera's, arrest and restraint or otherwise acted with knowledge that Plaintiff, Mr. Rivera's, arrest and restraint would be substantially certain to occur.

91. The arrest and restraint of Plaintiff, Mr. Rivera, was against his will and was unlawful, unreasonable, and without color of authority.

92. As a direct and proximate result of the intentional act of Defendant, Ofc. Ayo, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

93. This cause of action is brought by Plaintiff, Mr. Rivera, against Defendant, Ofc. Ayo, for her false arrest under color of law that deprived Plaintiff, Mr. Rivera, of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful seizure and arrest. Defendant, Ofc. Ayo, while acting in her capacity as a police officer and under color of law, did unlawfully seize and confine Plaintiff, Mr. Rivera, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT X

## 42 U.S.C. § 1983 FALSE IMPRISONMENT CLAIM AGAINST OFFICER DEGAGNE

94.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

95.    Defendant, Ofc. Degagne, did not have probable cause to believe that Plaintiff, Mr. Rivera, had committed the alleged criminal offense of resisting arrest without violence in that the facts and circumstances known to Defendant, Ofc. Degagne, were not sufficient to cause a reasonably cautious person to believe Plaintiff, Mr. Rivera, had committed the alleged criminal offense of resisting arrest without violence

96.    Defendant, Ofc. Degagne, intentionally caused Plaintiff, Mr. Rivera, to be arrested and restrained for the alleged criminal offense of resisting arrest without violence or aided and abetted other Tampa Police officers in making the arrest.  Defendant, Ofc. Degagne, purposely caused Plaintiff, Mr. Rivera's, arrest and restraint or otherwise acted with knowledge that Plaintiff, Mr. Rivera's, arrest and restraint would be substantially certain to occur.

97.    The arrest and restraint of Plaintiff, Mr. Rivera, was against his will and was unlawful, unreasonable, and without color of authority.

98.    As a direct and proximate result of the intentional act of Defendant, Ofc. Degagne, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future.  The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

99.     This cause of action is brought by Plaintiff, Mr. Rivera, against Defendant, Ofc. Degagne, for his false arrest under color of law that deprived Plaintiff, Mr. Rivera, of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful seizure and arrest. Defendant, Ofc. Degagne, while acting in his capacity as a police officer and under color of law, did unlawfully seize and confine Plaintiff, Mr. Rivera, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT XI

## 42 U.S.C. § 1983 FALSE IMPRISONMENT CLAIM AGAINST OFFICER JOHNSON

100.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

101.    Defendant, Ofc. Johnson, did not have probable cause to believe that Plaintiff, Mr. Rivera, had committed the alleged criminal offense of resisting arrest without violence in that the facts and circumstances known to Defendant, Ofc. Johnson, were not sufficient to cause a reasonably cautious person to believe Plaintiff, Mr. Rivera, had committed the alleged criminal offense of resisting arrest without violence

102.    Defendant, Ofc. Johnson, intentionally caused Plaintiff, Mr. Rivera, to be arrested and restrained for the alleged criminal offense of resisting arrest without violence or aided and abetted other Tampa Police officers in making the arrest. Defendant, Ofc. Johnson, purposely caused Plaintiff, Mr. Rivera's, arrest and restraint or otherwise acted with knowledge that Plaintiff, Mr. Rivera's, arrest and restraint would be substantially certain to occur.

103.    The arrest and restraint of Plaintiff, Mr. Rivera, was against his will and was unlawful, unreasonable, and without color of authority.

104.     As a direct and proximate result of the intentional act of Defendant, Ofc. Johnson, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

105.     This cause of action is brought by Plaintiff, Mr. Rivera, against Defendant, Ofc. Johnson, for his false arrest under color of law that deprived Plaintiff, Mr. Rivera, of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful seizure and arrest. Defendant, Ofc. Johnson, while acting in his capacity as a police officer and under color of law, did unlawfully seize and confine Plaintiff, Mr. Rivera, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT XII

### 42 U.S.C. § 1983 FALSE IMPRISONMENT CLAIM
### AGAINST UNIDENTIFIED TAMPA POLICE DEPARTMENT OFFICERS

106.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

107.     Defendants, the Unidentified Officers, did not have probable cause to believe that Plaintiff, Mr. Rivera, had committed the alleged criminal offense of resisting arrest without violence in that the facts and circumstances known to Defendants, the Unidentified Officers, were not sufficient to cause reasonably cautious persons to believe Plaintiff, Mr. Rivera, had committed the alleged criminal offense of resisting arrest without violence.

108.    Defendants, the Unidentified Officers, intentionally caused Plaintiff, Mr. Rivera, to be arrested and restrained for the alleged criminal offense of resisting arrest without violence or aided and abetted other Tampa Police officers in making the arrest.   Defendants, the Unidentified Officers, purposely caused Plaintiff, Mr. Rivera's arrest and restraint or otherwise acted with knowledge that Plaintiff, Mr. Rivera's, arrest and restraint would be substantially certain to occur.

109.    The arrest and restraint of Plaintiff, Mr. Rivera, was against his will and was unlawful, unreasonable, and without color of authority.

110.    As a direct and proximate result of the intentional act of Defendants, the Unidentified Officers, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future.   The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

111.    This cause of action is brought by Plaintiff, Mr. Rivera, against Defendant, the Unidentified Officers, for his false arrest under color of law that deprived Plaintiff, Mr. Rivera, of constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful seizure and arrest.   Defendant, the Unidentified Tampa Officers, while acting in their capacity as police officers and under color of law, did unlawfully seize and confine Plaintiff, Mr. Rivera, in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT XIII

### 42 U.S.C. § 1983 UNCONSTITUTIONAL VIOLATION OF THE PLAINTIFF'S FREEDOM OF SPEECH AGAINST OFFICER JAMES

112. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

113. Plaintiff, Mr. Rivera, was exercising his First Amendment rights when he was inquiring about the acts of excessive force he was witnessing being committed by Tampa Police Department Officers.

114. The inquiry made by Plaintiff, Mr. Rivera to the Tampa Police Department Officers was only verbal and therefore, did not interfere with the police actions, as Plaintiff, Mr. Rivera, remained seated, per the Officer's instructions, while making his inquiry.

115. Plaintiff, Mr. Rivera's speech was protected by the First Amendment as it did not inflict injury by its utterance, nor did the inquiry incite an immediate breech of peace, but rather was a comment on the City of Tampa's policy of excessive force on Ybor City visitors.

116. Defendant, Ofc. James, failed to use appropriate restraint when Plaintiff, Mr. Rivera, using his freedom of speech only, challenged their police action. Defendant, Ofc. James, failed to satisfy the requirement that verbal challenge of police action must be responded to with restraint. The United State Supreme Court has held "in the face of verbal challenges to police action, officers and municipalities must respond with restraint."

117. Defendant, Ofc. James', retaliatory conduct of arresting Plaintiff, Mr. Rivera, and inflicting injury on him, or aiding and abetting others in inflicting injury, adversely affected his First Amendment Freedom of speech.

118.   Defendant, Ofc. James', action of arresting and harming Plaintiff, Mr. Rivera, in response to constitutionally protected speech resulted in a violation of his First Amendment rights.

## COUNT XIV

## 42 U.S.C. § 1983 UNCONSTITUTIONAL VIOLATION OF THE PLAINTIFF'S FREEDOM OF SPEECH AGAINST SERGEANT WARD

119.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

120.   Plaintiff, Mr. Rivera, was exercising his First Amendment rights when he was inquiring about the acts of excessive force he was witnessing being committed by Tampa Police Department Officers.

121.   The inquiry made by Plaintiff, Mr. Rivera to the Tampa Police Department Officers was only verbal and therefore, did not interfere with the police actions, as Plaintiff, Mr. Rivera, remained seated, per the Officer's instructions, while making his inquiry.

122.   Plaintiff, Mr. Rivera's speech was protected by the First Amendment as it did not inflict injury by its utterance, nor did the inquiry incite an immediate breech of peace, but rather was a comment on the City of Tampa's policy of excessive force on Ybor City visitors.

123.   Defendant, Sgt. Ward, failed to use appropriate restraint when Plaintiff, Mr. Rivera, using his freedom of speech only, challenged their police action. Defendant, Sgt. Ward, failed to satisfy the requirement that verbal challenge of police action must be responded to with restraint. The United State Supreme Court has held "in the face of verbal challenges to police action, officers and municipalities must respond with restraint."

124.    Defendant, Sgt. Ward's, retaliatory conduct of arresting Plaintiff, Mr. Rivera, and inflicting injury on him, or aiding and abetting others in inflicting injury, adversely affected his First Amendment Freedom of speech.

125.    Defendant, Sgt. Ward's, action of arresting and harming Plaintiff, Mr. Rivera, in response to constitutionally protected speech resulted in a violation of his First Amendment rights.

## COUNT XV

### 42 U.S.C. § 1983 UNCONSTITUTIONAL VIOLATION OF THE PLAINTIFF'S FREEDOM OF SPEECH AGAINST OFFICER AYO

126.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

127.    Plaintiff, Mr. Rivera, was exercising his First Amendment rights when he was inquiring about the acts of excessive force he was witnessing being committed by Tampa Police Department Officers.

128.    The inquiry made by Plaintiff, Mr. Rivera to the Tampa Police Department Officers was only verbal and therefore, did not interfere with the police actions, as Plaintiff, Mr. Rivera, remained seated, per the Officer's instructions, while making his inquiry.

129.    Plaintiff, Mr. Rivera's speech was protected by the First Amendment as it did not inflict injury by its utterance, nor did the inquiry incite an immediate breach of peace, but rather was a comment on the City of Tampa's policy of excessive force on Ybor City visitors.

130.    Defendant, Ofc. Ayo, failed to use appropriate restraint when Plaintiff, Mr. Rivera, using his freedom of speech only, challenged their police action. Defendant, Ofc. Ayo, failed to satisfy the requirement that verbal challenge of police action must be responded to with

restraint. The United State Supreme Court has held "in the face of verbal challenges to police action, officers and municipalities must respond with restraint."

131.    Defendant, Ofc. Ayo's, retaliatory conduct of arresting Plaintiff, Mr. Rivera, and inflicting injury on him, or aiding and abetting others in inflicting injury, adversely affected his First Amendment Freedom of speech.

132.    Defendant, Ofc. Ayo's, action of arresting and harming Plaintiff, Mr. Rivera, in response to constitutionally protected speech resulted in a violation of his First Amendment rights.

### COUNT XVI

### 42 U.S.C. § 1983 UNCONSTITUTIONAL VIOLATION OF THE PLAINTIFF'S FREEDOM OF SPEECH AGAINST OFFICER DEGAGNE

133.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

134.    Plaintiff, Mr. Rivera, was exercising his First Amendment rights when he was inquiring about the acts of excessive force he was witnessing being committed by Tampa Police Department Officers.

135.    The inquiry made by Plaintiff, Mr. Rivera to the Tampa Police Department Officers was only verbal and therefore, did not interfere with the police actions, as Plaintiff, Mr. Rivera, remained seated, per the Officer's instructions, while making his inquiry.

136.    Plaintiff, Mr. Rivera's speech was protected by the First Amendment as it did not inflict injury by its utterance, nor did the inquiry incite an immediate breech of peace, but rather was a comment on the City of Tampa's policy of excessive force on Ybor City visitors.

137.    Defendant, Ofc. Degagne, failed to use appropriate restraint when Plaintiff, Mr. Rivera, using his freedom of speech only, challenged their police action. Defendant, Ofc.

Degagne, failed to satisfy the requirement that verbal challenge of police action must be responded to with restraint. The United State Supreme Court has held "in the face of verbal challenges to police action, officers and municipalities must respond with restraint."

138.    Defendant, Ofc. Degagne's, retaliatory conduct of arresting Plaintiff, Mr. Rivera, and inflicting injury on him, or aiding and abetting others in inflicting injury, adversely affected his First Amendment Freedom of speech.

139.    Defendant, Ofc. Degagne's, action of arresting and harming Plaintiff, Mr. Rivera, in response to constitutionally protected speech resulted in a violation of his First Amendment rights.

## COUNT XVII

### 42 U.S.C. § 1983 UNCONSTITUTIONAL VIOLATION OF THE PLAINTIFF'S FREEDOM OF SPEECH AGAINST OFFICER JOHNSON

140.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

141.    Plaintiff, Mr. Rivera, was exercising his First Amendment rights when he was inquiring about the acts of excessive force he was witnessing being committed by Tampa Police Department Officers.

142.    The inquiry made by Plaintiff, Mr. Rivera to the Tampa Police Department Officers was only verbal and therefore, did not interfere with the police actions, as Plaintiff, Mr. Rivera remained seated, per the Officer's instructions, while making his inquiry.

143.    Plaintiff, Mr. Rivera's speech was protected by the First Amendment as it did not inflict injury by its utterance, nor did the inquiry incite an immediate breech of peace, but rather was a comment on the City of Tampa's policy of excessive force on Ybor City visitors.

144.    Defendant, Ofc. Johnson, failed to use appropriate restraint when Plaintiff, Mr. Rivera, using his freedom of speech only, challenged their police action. Defendant, Ofc. Johnson, failed to satisfy the requirement that verbal challenge of police action must be responded to with restraint. The United State Supreme Court has held "in the face of verbal challenges to police action, officers and municipalities must respond with restraint."

145.    Defendant, Ofc. Johnson's, retaliatory conduct of arresting Plaintiff, Mr. Rivera, and inflicting injury on him, or aiding and abetting others in inflicting injury, adversely affected his First Amendment Freedom of speech.

146.    Defendant, Ofc. Johnson's, action of arresting and harming Plaintiff, Mr. Rivera, in response to constitutionally protected speech resulted in a violation of his First Amendment rights.

### COUNT XVIII

### 42 U.S.C. § 1983 UNCONSTITUTIONAL VIOLATION OF THE PLAINTIFF'S FREEDOM OF SPEECH AGAINST UNIDENTIFIED TAMPA POLICE DEPARTMENT OFFICERS

147.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

148.    Plaintiff, Mr. Rivera, was exercising his First Amendment rights when he was inquiring about the acts of excessive force he was witnessing being committed by Tampa Police Department Officers.

149.    The inquiry made by Plaintiff, Mr. Rivera, to the Tampa Police Department Officers was only verbal and therefore, did not interfere with their police actions, as Plaintiff, Mr. Rivera, remained seated, per the Officers' instructions, while making his inquiry.

150.    Plaintiff, Mr. Rivera's, speech was protected by the First Amendment as it did not inflict injury by its utterance, nor did the inquiry incite an immediate breech of peace, but rather was a comment on the City of Tampa's policy of excessive force on Ybor City visitors.

151.    Defendant, the Unidentified Officers, failed to use appropriate restraint when Plaintiff, Mr. Rivera, using his freedom of speech only, challenged their police action. Defendant, the Unidentified Officers, failed to satisfy the requirement that verbal challenge of police action must be responded to with restraint. The United State Supreme Court has held "in the face of verbal challenges to police action, officers and municipalities must respond with restraint."

152.    Defendant, Unidentified Officers', retaliatory conduct of arresting him and inflicting injury on him, or aiding and abetting others in inflicting injury, adversely affected his First Amendment Freedom of speech.

153.    Defendant, Unidentified Officers', actions of arresting and harming Plaintiff, Mr. Rivera, in response to constitutionally protected speech resulted in a violation of his First Amendment rights.

### COUNT XIX

### 42 U.S.C. § 1983 CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST OFFICER JAMES

154.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

155.    Defendant, Officers, entered into an agreement to violate Plaintiff, Mr. Rivera's, civil rights.

156.   The agreement between the Defendant, Officers, was to protect the identity of the Defendant who used excessive force against Plaintiff, Mr. Rivera, when Defendant's recognized such force was unreasonable and unnecessary.

157.   This agreement between the Defendants is substantiated in the police report and the sworn statements given to the Tampa Police Department Internal Affairs Investigator. The General Offense Police Report (GO2007-225340) created by Defendant, Ofc. James, states, "level of force or control used: handcuffs, countermeasures (punches, kicks, knees, elbows)." However, in his recorded sworn statement given to the Internal Affairs investigator he states that the only force used on Plaintiff, Mr. Rivera, by him, was handcuffs, and that he put the countermeasures in his report only because he was told to do so by someone else, but he has no recollection of who told him to include that in his report.

158.   In furtherance of the conspiracy, Defendant, Ofc. James, was the only officer to submit a police report, even though multiple officers were present and involved in the incident. The lack of information provided by the officers was a conscious decision in a combined effort to protect the identity of the officers who used excessive force against Plaintiff, Mr. Rivera.

159.   As a result of the agreement to attempt to protect Defendants against any claim of excessive force, Plaintiff, Mr. Rivera, was falsely arrested, in violation of the 4th and 14th Amendments.

160.   As a direct and proximate result of the intentional act of Defendant, Ofc. James, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future.

The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

## COUNT XX

### 42 U.S.C. § 1983 CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST SERGEANT WARD

161.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

162.    Defendant, Officers, entered into an agreement to violate Plaintiff, Mr. Rivera's, civil rights.

163.    The agreement between the Defendant, Officers, was to protect the identity of the Defendant who used excessive force against Plaintiff, Mr. Rivera, when Defendant's recognized such force was unreasonable and unnecessary.

164.    This agreement between the Defendants is substantiated in the police report and the sworn statements given to the Tampa Police Department Internal Affairs Investigator. The General Offense Police Report (GO2007-225340) created by Defendant, Ofc. James, states, "level of force or control used: handcuffs, countermeasures (punches, kicks, knees, elbows)." However, in his recorded sworn statement given to the Internal Affairs investigator he states that the only force used on Plaintiff, Mr. Rivera, by him, was handcuffs, and that he put the countermeasures in his report only because he was told to do so by someone else, but he has no recollection of who told him to include that in his report.

165.    In furtherance of the conspiracy, Defendant, Ofc. James, was the only officer to submit a police report, even though multiple officers were present and involved in the incident. The lack of information provided by the officers was a conscious decision in a combined effort to protect the identity of the officers who used excessive force against Plaintiff, Mr. Rivera.

166.    As a result of the agreement to attempt to protect Defendants against any claim of excessive force, Plaintiff, Mr. Rivera, was falsely arrested, in violation of the 4th and 14th Amendments.

167.    As a direct and proximate result of the intentional act of Defendant, Sgt. Ward, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

## COUNT XXI

### 42 U.S.C. § 1983 CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST OFFICER AYO

168.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

169.    Defendant, Officers, entered into an agreement to violate Plaintiff, Mr. Rivera's, civil rights.

170.    The agreement between the Defendant, Officers, was to protect the identity of the Defendant who used excessive force against Plaintiff, Mr. Rivera, when Defendant's recognized such force was unreasonable and unnecessary.

171.    This agreement between the Defendants is substantiated in the police report and the sworn statements given to the Tampa Police Department Internal Affairs Investigator. The General Offense Police Report (GO2007-225340) created by Defendant, Ofc. James, states, "level of force or control used: handcuffs, countermeasures (punches, kicks, knees, elbows)."

However, in his recorded sworn statement given to the Internal Affairs investigator he states that the only force used on Plaintiff, Mr. Rivera, by him, was handcuffs, and that he put the countermeasures in his report only because he was told to do so by someone else, but he has no recollection of who told him to include that in his report.

172.    In furtherance of the conspiracy, Defendant, Ofc. James, was the only officer to submit a police report, even though multiple officers were present and involved in the incident. The lack of information provided by the officers was a conscious decision in a combined effort to protect the identity of the officers who used excessive force against Plaintiff, Mr. Rivera.

173.    As a result of the agreement to attempt to protect Defendants against any claim of excessive force, Plaintiff, Mr. Rivera, was falsely arrested, in violation of the 4th and 14th Amendments.

174.    As a direct and proximate result of the intentional act of Defendant, Ofc. Ayo, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

## COUNT XXII

### 42 U.S.C. § 1983 CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST OFFICER DEGAGNE

175.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

176.    Defendant, Officers, entered into an agreement to violate Plaintiff, Mr. Rivera's, civil rights.

177.    The agreement between the Defendant, Officers, was to protect the identity of the Defendant who used excessive force against Plaintiff, Mr. Rivera, when Defendant's recognized such force was unreasonable and unnecessary.

178.    This agreement between the Defendants is substantiated in the police report and the sworn statements given to the Tampa Police Department Internal Affairs Investigator. The General Offense Police Report (GO2007-225340) created by Defendant, Ofc. James, states, "level of force or control used: handcuffs, countermeasures (punches, kicks, knees, elbows)." However, in his recorded sworn statement given to the Internal Affairs investigator he states that the only force used on Plaintiff, Mr. Rivera, by him, was handcuffs, and that he put the countermeasures in his report only because he was told to do so by someone else, but he has no recollection of who told him to include that in his report.

179.    In furtherance of the conspiracy, Defendant, Ofc. James, was the only officer to submit a police report, even though multiple officers were present and involved in the incident. The lack of information provided by the officers was a conscious decision in a combined effort to protect the identity of the officers who used excessive force against Plaintiff, Mr. Rivera.

180.    As a result of the agreement to attempt to protect Defendants against any claim of excessive force, Plaintiff, Mr. Rivera, was falsely arrested, in violation of the 4th and 14th Amendments.

181.    As a direct and proximate result of the intentional act of Defendant, Ofc. Degagne, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental

anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

## COUNT XXIII

### 42 U.S.C. § 1983 CONSPIRACY TO VIOLATE CIVIL RIGHTS AGAINST OFFICER JOHNSON

182. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

183. Defendant, Officers, entered into an agreement to violate Plaintiff, Mr. Rivera's, civil rights.

184. The agreement between the Defendant, Officers, was to protect the identity of the Defendant who used excessive force against Plaintiff, Mr. Rivera, when Defendant's recognized such force was unreasonable and unnecessary.

185. This agreement between the Defendants is substantiated in the police report and the sworn statements given to the Tampa Police Department Internal Affairs Investigator. The General Offense Police Report (GO2007-225340) created by Defendant, Ofc. James, states, "level of force or control used: handcuffs, countermeasures (punches, kicks, knees, elbows)." However, in his recorded sworn statement given to the Internal Affairs investigator he states that the only force used on Plaintiff, Mr. Rivera, by him, was handcuffs, and that he put the countermeasures in his report only because he was told to do so by someone else, but he has no recollection of who told him to include that in his report.

186. In furtherance of the conspiracy, Defendant, Ofc. James, was the only officer to submit a police report, even though multiple officers were present and involved in the incident.

The lack of information provided by the officers was a conscious decision in a combined effort to protect the identity of the officers who used excessive force against Plaintiff, Mr. Rivera.

187. As a result of the agreement to attempt to protect Defendants against any claim of excessive force, Plaintiff, Mr. Rivera, was falsely arrested, in violation of the 4th and 14th Amendments.

188. As a direct and proximate result of the intentional act of Defendant, Ofc. Johnson, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

### COUNT XXIV

### 42 U.S.C. § 1983 CONSPIRACY TO VIOLATE CIVIL RIGHTS
### AGAINST UNIDENTIFIED TAMPA POLICE DEPARTMENT OFFICERS

189. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

190. Defendant, Officers, entered into an agreement to violate Plaintiff, Mr. Rivera's, civil rights.

191. The agreement between the Defendant, Officers, was to protect the identity of the Defendant who used excessive force against Plaintiff, Mr. Rivera, when Defendant's recognized such force was unreasonable and unnecessary.

192. This agreement between the Defendants is substantiated in the police report and the sworn statements given to the Tampa Police Department Internal Affairs Investigator. The

General Offense Police Report (GO2007-225340) created by Defendant, Ofc. James, states, "level of force or control used: handcuffs, countermeasures (punches, kicks, knees, elbows)." However, in his recorded sworn statement given to the Internal Affairs investigator he states that the only force used on Plaintiff, Mr. Rivera, by him, was handcuffs, and that he put the countermeasures in his report only because he was told to do so by someone else, but he has no recollection of who told him to include that in his report.

193.    In furtherance of the conspiracy, Defendant, Ofc. James, was the only officer to submit a police report, even though multiple officers were present and involved in the incident. The lack of information provided by the officers was a conscious decision in a combined effort to protect the identity of the officers who used excessive force against Plaintiff, Mr. Rivera.

194.    As a result of the agreement to attempt to protect Defendants against any claim of excessive force, Plaintiff, Mr. Rivera, was falsely arrested, in violation of the 4th and 14th Amendments.

195.    As a direct and proximate result of the intentional act of Defendants, the Unidentified Officers, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

## COUNT XXV

## STATE BATTERY CLAIM AGAINST OFFICER JAMES

196.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

197.     Defendant, Ofc. James, intentionally kicked and inflicted pain, or aided and abetted others in inflicting injury on Plaintiff, Mr. Rivera, with his elbows and fists, including severe blows to Plaintiff, Mr. Rivera's, abdomen. The conduct of Defendant, Ofc. James, towards Plaintiff, Mr. Rivera, constitutes the unnecessary use of force.

198.     The amount of force used by Defendant, Ofc. James, against Plaintiff, Mr. Rivera, was unreasonable and unnecessary for Defendant, Ofc. James, to defend himself, or any other person from bodily harm during the apprehension and arrest of Plaintiff, Mr. Rivera.

199.     The unreasonable and unnecessary use of force by Defendant, Ofc. James, was excessive and objectively unreasonable under the circumstances, and resulted, as Defendant, Ofc. James, should have foreseen, in a harmful and offensive contact of Plaintiff, Mr. Rivera, against his will.

200.     The actions of Defendant, Ofc. James, constituted nonconsensual touch or strike battery causing the severe and permanent injury to Plaintiff, Mr. Rivera, in violation of Florida law.

201.     At all times hereto, Defendant, Ofc. James, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, in his individual capacity.

202.     Under current existing law, Plaintiff, Mr. Rivera, avers that the individual Defendant, Ofc. James, is liable for all torts committed by him and for which the government has

not waived immunity under Florida Statutes, Section 768.28 and which include, but are not limited to, assault and battery.

203.     As a direct and proximate result of the acts, omissions, and conduct of the Defendant, Ofc. James, the Plaintiff, Mr. Rivera, was required to and did incur medical expenses, suffered from serious and permanent injuries and the resulting pain and suffering.

## COUNT XXVI

## STATE BATTERY CLAIM AGAINST SERGEANT WARD

204.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

205.     Defendant, Sgt. Ward, intentionally kicked and inflicted pain, or aided and abetted others in inflicting injury on Plaintiff, Mr. Rivera, with his elbows and fists, including severe blows to Plaintiff, Mr. Rivera's, abdomen. The conduct of Defendant, Sgt. Ward, towards Plaintiff, Mr. Rivera, constitutes the unnecessary use of force.

206.     The amount of force used by Defendant, Sgt. Ward, against Plaintiff, Mr. Rivera, was unreasonable and unnecessary for Defendant, Sgt. Ward, to defend himself, or any other person from bodily harm during the apprehension and arrest of Plaintiff, Mr. Rivera.

207.     The unreasonable and unnecessary use of force by Defendant, Sgt. Ward, was excessive and objectively unreasonable under the circumstances, and resulted, as Defendant, Sgt. Ward, should have foreseen, in a harmful and offensive contact of Plaintiff, Mr. Rivera, against his will.

208.     The actions of Defendant, Sgt. Ward, constituted nonconsensual touch or strike battery causing the severe and permanent injury to Plaintiff, Mr. Rivera, in violation of Florida law.

209.    At all times hereto, Defendant, Sgt. Ward, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, in his individual capacity.

210.    Under current existing law, Plaintiff, Mr. Rivera, avers that the individual Defendant, Sgt. Ward, is liable for all torts committed by him and for which the government has not waived immunity under Florida Statutes, Section 768.28 and which include, but are not limited to, assault and battery.

211.    As a direct and proximate result of the acts, omissions, and conduct of the Defendant, Sgt. Ward, the Plaintiff, Mr. Rivera, was required to and did incur medical expenses, suffered from serious and permanent injuries and the resulting pain and suffering.

## COUNT XXVII

## STATE BATTERY CLAIM AGAINST OFFICER AYO

212.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

213.    Defendant, Ofc. Ayo, intentionally kicked and inflicted pain, or aided and abetted others in inflicting injury on Plaintiff, Mr. Rivera, with her elbows and fists, including severe blows to Plaintiff, Mr. Rivera's, abdomen. The conduct of Defendant, Ofc. Ayo, towards Plaintiff, Mr. Rivera, constitutes the unnecessary use of force.

214.    The amount of force used by Defendant, Ofc. Ayo, against Plaintiff, Mr. Rivera, was unreasonable and unnecessary for Defendant, Ofc. Ayo, to defend herself, or any other person from bodily harm during the apprehension and arrest of Plaintiff, Mr. Rivera.

215.    The unreasonable and unnecessary use of force by Defendant, Ofc. Ayo, was excessive and objectively unreasonable under the circumstances, and resulted, as Defendant,

Ofc. Ayo, should have foreseen, in a harmful and offensive contact of Plaintiff, Mr. Rivera, against his will.

216.   The actions of Defendant, Ofc. Ayo, constituted nonconsensual touch or strike battery causing the severe and permanent injury to Plaintiff, Mr. Rivera, in violation of Florida law.

217.   At all times hereto, Defendant, Ofc. Ayo, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, in her individual capacity.

218.   Under current existing law, Plaintiff, Mr. Rivera, avers that the individual Defendant, Ofc. Ayo, is liable for all torts committed by her and for which the government has not waived immunity under Florida Statutes, Section 768.28 and which include, but are not limited to, assault and battery.

219.   As a direct and proximate result of the acts, omissions, and conduct of the Defendant, Ofc. Ayo, the Plaintiff, Mr. Rivera, was required to and did incur medical expenses, suffered from serious and permanent injuries and the resulting pain and suffering.

## COUNT XXVIII

## STATE BATTERY CLAIM AGAINST OFFICER DEGAGNE

220.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

221.   Defendant, Ofc. Degagne, intentionally kicked and  inflicted pain, or aided and abetted others in inflicting injury on Plaintiff, Mr. Rivera, with his elbows and fists, including severe blows to Plaintiff, Mr. Rivera's, abdomen. The conduct of Defendant, Ofc. Degagne, towards Plaintiff, Mr. Rivera, constitutes the unnecessary use of force.

222.   The amount of force used by Defendant, Ofc. Degagne, against Plaintiff, Mr. Rivera, was unreasonable and unnecessary for Defendant, Ofc. Degagne, to defend himself, or any other person from bodily harm during the apprehension and arrest of Plaintiff, Mr. Rivera.

223.   The unreasonable and unnecessary use of force by Defendant, Ofc. Degagne, was excessive and objectively unreasonable under the circumstances, and resulted, as Defendant, Ofc. Degagne, should have foreseen, in a harmful and offensive contact of Plaintiff, Mr. Rivera, against his will.

224.   The actions of Defendant, Ofc. Degagne, constituted nonconsensual touch or strike battery causing the severe and permanent injury to Plaintiff, Mr. Rivera, in violation of Florida law.

225.   At all times hereto, Defendant, Ofc. Degagne, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, in his individual capacity.

226.   Under current existing law, Plaintiff, Mr. Rivera, avers that the individual Defendant, Ofc. Degagne, is liable for all torts committed by him and for which the government has not waived immunity under Florida Statutes, Section 768.28 and which include, but are not limited to, assault and battery.

227.   As a direct and proximate result of the acts, omissions, and conduct of the Defendant, Ofc. Degagne, the Plaintiff, Mr. Rivera, was required to and did incur medical expenses, suffered from serious and permanent injuries and the resulting pain and suffering.

## COUNT XXIX

## STATE BATTERY CLAIM AGAINST OFFICER JOHNSON

228.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

229.    Defendant, Ofc. Johnson, intentionally kicked and inflicted pain, or aided and abetted others in inflicting injury on Plaintiff, Mr. Rivera, with his elbows and fists, including severe blows to Plaintiff, Mr. Rivera's, abdomen. The conduct of Defendant, Ofc. Johnson, towards Plaintiff, Mr. Rivera, constitutes the unnecessary use of force.

230.    The amount of force used by Defendant, Ofc. Johnson, against Plaintiff, Mr. Rivera, was unreasonable and unnecessary for Defendant, Ofc. Johnson, to defend himself, or any other person from bodily harm during the apprehension and arrest of Plaintiff, Mr. Rivera.

231.    The unreasonable and unnecessary use of force by Defendant, Ofc. Johnson, was excessive and objectively unreasonable under the circumstances, and resulted, as Defendant, Ofc. Johnson, should have foreseen, in a harmful and offensive contact of Plaintiff, Mr. Rivera, against his will.

232.    The actions of Defendant, Ofc. Johnson, constituted nonconsensual touch or strike battery causing the severe and permanent injury to Plaintiff, Mr. Rivera, in violation of Florida law.

233.    At all times hereto, Defendant, Ofc. Johnson, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, in his individual capacity.

234.    Under current existing law, Plaintiff, Mr. Rivera, avers that the individual Defendant, Ofc. Johnson, is liable for all torts committed by him and for which the government

has not waived immunity under Florida Statutes, Section 768.28 and which include, but are not limited to, assault and battery.

235. As a direct and proximate result of the acts, omissions, and conduct of the Defendant, Ofc. Johnson, the Plaintiff, Mr. Rivera, was required to and did incur medical expenses, suffered from serious and permanent injuries and the resulting pain and suffering.

## COUNT XXX

### STATE BATTERY CLAIM
### AGAINST UNIDENTIFIED TAMPA POLICE DEPARTMENT OFFICERS

236. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

237. Defendant, the Unidentified Officers, intentionally kicked and inflicted pain, or aided and abetted others in inflicting injury on Plaintiff, Mr. Rivera, with their elbows and fists, including severe blows to Plaintiff, Mr. Rivera's, abdomen. The conduct of Defendant, the Unidentified Officers, towards Plaintiff, Mr. Rivera, constitutes the unnecessary use of force.

238. The amount of force used by Defendant, the Unidentified Officers, against Plaintiff, Mr. Rivera, was unreasonable and unnecessary for Defendant, the Unidentified Officers, to defend themselves, or any other person from bodily harm during the apprehension and arrest of Plaintiff, Mr. Rivera.

239. The unreasonable and unnecessary use of force by Defendant, the Unidentified Officers, was excessive and objectively unreasonable under the circumstances, and resulted, as Defendant, the Unidentified Officers, should have foreseen, in a harmful and offensive contact of Plaintiff, Mr. Rivera, against his will.

240. The actions of Defendant, the Unidentified Officers, constituted nonconsensual touch or strike battery causing the severe and permanent injury to Plaintiff, Mr. Rivera, in

violation of Florida law.

241.    At all times hereto, Defendant, the Unidentified Officers, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, in his individual capacity.

242.    Under current existing law, Plaintiff, Mr. Rivera, avers that the individual Defendant, the Unidentified Officers, are liable for all torts committed by them and for which the government has not waived immunity under Florida Statutes, Section 768.28 and which include, but are not limited to, assault and battery.

243.    As a direct and proximate result of the acts, omissions, and conduct of the Defendant, the Unidentified Officers, the Plaintiff, Mr. Rivera, was required to and did incur medical expenses, suffered from serious and permanent injuries and the resulting pain and suffering.

## COUNT XXXI

### STATE BATTERY CLAIM AGAINST CITY OF TAMPA

244.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

245.    Defendants, Officers, battered or aided and abetted others in inflicting injury on Plaintiff, Mr. Rivera, which is actionable against Defendant, City of Tampa, in its official capacity, pursuant to § 768.28, Fla. Stat. (2009).

246.    The use of force by Defendant, Officers, was excessive and objectively unreasonable under the circumstances, and resulted, as Defendant, Officers, should have foreseen, in a harmful and offensive contact of Plaintiff, Mr. Rivera, against his will.

247.    Alternatively to the allegations contained in Counts XXV-XXX, the

battery/unnecessary force by Defendant, Officers, against Plaintiff, Mr. Rivera, occurred during the course and scope of their employment as officers for the Tampa Police Department and without bad faith or malicious purpose and not in a manner exhibiting wanton and willful disregard for human rights, safety and property.

248. The actions of Defendant, Officers, constituted nonconsensual touch or strike battery causing injury to Plaintiff, Rivera, in violation of Florida law.

249. As a direct and proximate result of the acts, omissions, and conduct of the Defendant, Officers, the Plaintiff, Mr. Rivera, was required to and did incur medical expenses, suffered from serious and permanent injuries and the resulting pain and suffering.

## COUNT XXXII

### STATE FALSE IMPRISONMENT CLAIM AGAINST OFFICER JAMES

250. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

251. Defendant, Ofc. James', actions in holding or aiding and abetting others in holding Plaintiff, Mr. Rivera, beyond the scope of his consent and against his will, without probable cause, process or authority of law, constitutes wrongful, unlawful false imprisonment.

252. Defendant, Ofc. James, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff, Mr. Rivera, was without legal justification.

253. Plaintiff, Mr. Rivera, at the time he was falsely imprisoned, was acting peaceably and in a lawful manner. No warrant for Plaintiff, Mr. Rivera's, arrest and imprisonment was ever issued.

254. Plaintiff, Mr. Rivera, was not, at the time of his false imprisonment, charged with any valid criminal offense.

255.    As a direct and proximate result of the intentional acts of Defendant, Ofc. James, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

256.    At all times material hereto, Defendant, Ofc. James, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

## COUNT XXXIII

## STATE FALSE IMPRISONMENT CLAIM AGAINST SERGEANT WARD

257.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

258.    Defendant, Sgt. Ward's, actions in holding or aiding and abetting others in holding Plaintiff, Mr. Rivera, beyond the scope of his consent and against his will, without probable cause, process or authority of law, constitutes wrongful, unlawful false imprisonment.

259.    Defendant, Sgt. Ward, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff, Mr. Rivera, was without legal justification.

260.    Plaintiff, Mr. Rivera, at the time he was falsely imprisoned, was acting peaceably and in a lawful manner.  No warrant for Plaintiff, Mr. Rivera's, arrest and imprisonment was ever issued.

261.   Plaintiff, Mr. Rivera, was not, at the time of his false imprisonment, charged with any criminal offense.

262.   At all times material hereto, Defendant, Sgt. Ward, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

263.   As a direct and proximate result of the intentional acts of Defendant, Sgt. Ward, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the same in the future.

## COUNT XXXIV

## STATE FALSE IMPRISONMENT CLAIM AGAINST OFFICER AYO

264.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

265.   Defendant, Ofc. Ayo's, actions in holding or aiding and abetting others in holding Plaintiff, Mr. Rivera, beyond the scope of his consent and against his will, without probable cause, process or authority of law, constitutes wrongful, unlawful false imprisonment.

266.   Defendant, Ofc. Ayo, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff, Mr. Rivera, was without legal justification.

267.    Plaintiff, Mr. Rivera, at the time he was falsely imprisoned, was acting peaceably and in a lawful manner. No warrant for Plaintiff, Mr. Rivera's, arrest and imprisonment was ever issued.

268.    Plaintiff, Mr. Rivera, was not, at the time of his false imprisonment, charged with any valid criminal offense.

269.    As a direct and proximate result of the intentional acts of Defendant, Ofc. Ayo, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

270.    At all times material hereto, Defendant, Ofc. Ayo, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

## COUNT XXXV

## STATE FALSE IMPRISONMENT CLAIM AGAINST OFFICER DEGAGNE

271.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

272.    Defendant, Ofc. Degagne's, actions in holding or aiding and abetting others in holding Plaintiff, Mr. Rivera, beyond the scope of his consent and against his will, without probable cause, process or authority of law, constitutes wrongful, unlawful false imprisonment.

273.   Defendant, Ofc. Degagne, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff, Mr. Rivera, was without legal justification.

274.   Plaintiff, Mr. Rivera, at the time he was falsely imprisoned, was acting peaceably and in a lawful manner.  No warrant for Plaintiff, Mr. Rivera's, arrest and imprisonment was ever issued.

275.   Plaintiff, Mr. Rivera, was not, at the time of his false imprisonment, charged with any valid criminal offense.

276.   As a direct and proximate result of the intentional acts of Defendant, Ofc. Degagne, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future.  The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

277.   At all times material hereto, Defendant, Ofc. Degagne, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

## COUNT XXXVI

## STATE FALSE IMPRISONMENT CLAIM AGAINST OFFICER JOHNSON

278.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

279.    Defendant, Ofc. Johnson's, actions in holding or aiding and abetting others in holding Plaintiff, Mr. Rivera, beyond the scope of his consent and against his will, without probable cause, process or authority of law, constitutes wrongful, unlawful false imprisonment.

280.    Defendant, Ofc. Johnson, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff, Mr. Rivera, was without legal justification.

281.    Plaintiff, Mr. Rivera, at the time he was falsely imprisoned, was acting peaceably and in a lawful manner. No warrant for Plaintiff, Mr. Rivera's, arrest and imprisonment was ever issued.

282.    Plaintiff, Mr. Rivera, was not, at the time of his false imprisonment, charged with any valid criminal offense.

283.    As a direct and proximate result of the intentional acts of Defendant, Ofc. Johnson, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

284.    At all times material hereto, Defendant, Ofc. Johnson, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

## COUNT XXXVII

### STATE FALSE IMPRISONMENT CLAIM
### AGAINST UNIDENTIFIED TAMPA POLICE DEPARTMENT OFFICERS

285.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

286.    The Defendants, the Unidentified Officers', actions in holding or aiding and abetting others in holding Plaintiff, Mr. Rivera, beyond the scope of his consent and against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false imprisonment which is actionable against the Defendants, the Unidentified Officers.

287.    Defendants, the Unidentified Officers, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff, Mr. Rivera, was without legal justification.

288.    Plaintiff, Mr. Rivera, at the time he was falsely imprisoned, was acting peaceably and in a lawful manner.  No warrant for Plaintiff, Mr. Rivera's, arrest and imprisonment was ever issued.

289.    Plaintiff, Mr. Rivera, was not, at the time of his false imprisonment, charged with any criminal offense.

290.    As a direct and proximate result of the intentional act of the Defendants, the Unidentified Officers, Plaintiff, Mr. Rivera was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future.  The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

291.   At all times material hereto, Defendants, the Unidentified Officers, acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

## COUNT XXXVIII

## STATE FALSE IMPRISONMENT CLAIM AGAINST CITY OF TAMPA

292.   Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 above, and further alleges:

293.   The Defendant, Officers', actions in holding or aiding and abetting others in holding Plaintiff, Mr. Rivera beyond the scope of his consent and against his will, without probable cause, without process or authority of law, constitute wrongful, unlawful false imprisonment which is actionable against Defendant, the City.

294.   The Defendant, Officers, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff, Mr. Rivera, was without legal justification.

295.   Plaintiff, Mr. Rivera, at the time he was falsely imprisoned, was acting peaceably and in a lawful manner.  No warrant for Plaintiff, Mr. Rivera's, arrest and imprisonment was ever issued.

296.   Plaintiff, Mr. Rivera was not, at the time of his false imprisonment, charged with any criminal offense.

297.   The actions of the Defendant, Officers, as described in the Complaint were performed in the course and scope of employment with the Tampa Police Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

298. As a direct and proximate result of the acts of the Defendant, Officers, Plaintiff, Mr. Rivera, was arrested, detained, confined in jail and suffered from or incurred injury to his reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; hurt feelings; loss of enjoyment of life; legal expenses; cost of bond and other related expenses; lost earnings, business and time; and, the loss of ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff, Mr. Rivera, will continue to suffer the same in the future.

299. The Defendant, Officers', conduct is actionable against the City pursuant to § 768.28, Fla. Stat. (2007).

## DAMAGES

300. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-148 above, and further alleges:

301. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff, Mr. Rivera's, constitutional rights were violated and Plaintiff suffered injuries and damages. Plaintiff, Mr. Rivera, seeks recovery from the Defendants, of all damages to which he may be entitled under both state and federal law for the injuries and damages he sustained and which include, but are not limited to, the following:

      a.       Physical Pain and Suffering of a past, present and future nature;

      b.       Emotional Pain and Suffering of a past, present and future nature;

      c.       Medical Expenses of a past, present and future nature;

      d.       Permanent Impairment of a past, present and future nature;

      e.       Loss of Enjoyment of Life of a past, present and future nature;

      f.       Loss of Earning Capacity of a past, present and future nature;

g.   Punitive damages against the Defendants, Officers, for Counts I-XXX and XXXII-XXXVII;

h.   Pre and Post-Judgment Interest for all 42 UCS § 1983 claims and post-Judgment Interest for any state law claim;

i.   Statutory and Discretionary Costs;

j.   Attorney's fees where permitted by 42 USC § 1988 or state law;

k.   All such further relief, both general and specific, to which he may be entitled under the premises.

## PRAYERS FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Mr. Rivera, sues the Defendants, for his injuries and damages and prays for a judgment against the Defendants for *compensatory damages* in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises. While Plaintiff, Mr. Rivera, objects to placing a specific sum of money on the value of his injuries and damages, to the extent that a specific demand for a sum of money is required to be requested in the Complaint, the amount should not exceed One Million ($1,000,000.00) Dollars.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Mr. Rivera, sues Defendants, and prays for a judgment against the applicable Defendants for *punitive damages* in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises. While Plaintiff, Mr. Rivera, objects to placing a specific sum on money on the value of his injuries and damages, to the extent that a specific demand for a sum of money is required to be requested in the Complaint, the amount should not exceed Five Hundred Thousand ($500,000.00) Dollars.

## REQUEST FOR JURY TRIAL

A trial by jury is requested on all issues so triable.

**RESPECTFULLY SUBMITTED** this 20 day of December, 2010.

MICHAEL P. MADDUX, P.A.

Michael P. Maddux, Esquire
Florida Bar Number: 964212
Attorney for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail: Patteson@flash.net