```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

ALEXANDER RIVERA,

       Plaintiff,

v.                        CASE NO:   8:10-cv-2851-T-33EAJ

CITY OF TAMPA, et al.,

       Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants'[1] Motion to Dismiss (Doc. # 15). Plaintiff Rivera filed a Response in Opposition thereto (Doc. # 16). For the reasons that follow, the Court finds that the motion is due to be granted in part and denied in part.

I.   Background

On or about April 21, 2007, Rivera was in Ybor City, Florida, with a friend. Rivera's friend became involved in an altercation with another individual, and Defendant officers responded to the scene. Rivera observed the altercation but was not involved. Rivera asked Defendant Officer Ayo if he could follow the officers and his friend to their car and

---

[1] City of Tampa, Sgt. Eric Ward, in his individual capacity, Officer Desiree Ayo, in her individual capacity, and Officer Jason Degagne, in his individual capacity.

received permission to do so from Ayo. Rivera was instructed by Ayo to sit on the curb, which he did.

Defendant officers then allegedly started using excessive force against Rivera's friend. Rivera, while remaining seated, then "made a non-aggressive and reasonable inquiry to the Defendant, Officers, as to why they were beating his friend after he was already subdued and under the Defendant, Officers', control." (Doc. # 1 at ¶ 21-22). At this point, one of the officers walked by Rivera and sprayed him in the eyes with mace/pepper spray. Subsequently, the officers pulled Rivera from the curb, handcuffed him and shoved him toward a police cruiser. Rivera alleges that he remained cooperative, compliant and non-aggressive although in pain and discomfort. The officers then began to kick and beat Rivera with their elbows and fists, including severe blows to his abdomen. Rivera was arrested by the officers, taken to jail and charged with obstructing or opposing an officer without violence. Rivera alleges injuries to his eyes, face, stomach, lower back, right thumb, left wrist, in addition to the removal of a damaged appendix, as a result of the incident.

Rivera filed his Complaint on December 20, 2010, alleging claims pursuant to 42 U.S.C. § 1983 for excessive force, false imprisonment, violation of freedom of speech and conspiracy to

2

violate civil rights, and claims pursuant to state law for battery and false imprisonment. Defendants now move to dismiss certain counts of the Complaint as discussed below.

II. Standard of Review

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation."

3

Papasan v. Allain, 478 U.S. 265, 286 (1986). In all, determining whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

III. Discussion

   A. Qualified Immunity - Excessive Force and Battery

Defendants assert that Officers Ayo, Ward and Degagne are entitled to qualified immunity as to the § 1983 excessive force claims and the state law battery claims alleged in Rivera's Complaint. The Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Lassiter v. Ala. A & M Univ., 28 F.3d 1146, 1149 (11th Cir. 1994). Qualified immunity is a legal question for the Court, which must be decided as early as possible in the case. Siegert v. Gilley, 500 U.S. 226, 232 (1991).

In determining a defendant's claim of qualified immunity, the Court must first determine whether the plaintiff has alleged a deprivation of a constitutional right and, if so,

4

whether that right was clearly established at the time of the alleged violation. Anderson v. Burke County, Ga., 239 F.3d 1216, 1219 (11th Cir. 2001) (citing Wilson v. Layne, 526 U.S. 603, 609 (1999)).

Defendants, however, do not base their qualified immunity argument on whether Rivera has alleged a deprivation of a constitutional right and, if so, whether that right was clearly established at the time of the alleged violation. Instead, Defendants address the manner in which Rivera identified the officers allegedly involved in the incident. Rivera names five officers in his Complaint and accuses each of using excessive force against him. Defendants point to paragraph 31 of the Complaint, which states that the identification of these officers is based on internal affairs statements that these five officers were involved in this incident. Defendants argue that reliance on the internal affairs investigation is misplaced, and the fact that Rivera has to rely on the investigation, as opposed to his own knowledge, observations and recollection, indicates that he cannot satisfy the pleading requirements set out in Iqbal.

The internal affairs investigation (IA report), however, is not incorporated or attached to the Complaint. Because the IA report is not within the four corners of the Complaint, it

5

cannot be considered by the Court.  See Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009); see also St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).  Although the Complaint refers to the IA report (Doc. # 1 at ¶ 31), the IA report is not central to Rivera's claims and, therefore, is not properly considered by the Court on a motion to dismiss.  See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).  The issues raised by consideration of the IA report are more appropriately resolved on summary judgment.  Accordingly, Defendants' motion to dismiss must be denied as to these claims on these grounds.

  B. Claim Preclusion - False Imprisonment

  Defendants argue that this Court should dismiss the counts for § 1983 false imprisonment and state law false imprisonment as those claims are precluded by a no contest plea entered by Rivera to charges that arose out of his 2007 arrest.  This Court agrees.

  Rivera was originally arrested for obstructing or opposing an officer without violence in violation of Florida Statutes § 843.02.  Rivera pled no contest to an amended charge of disorderly conduct on September 17, 2007, and

6

received time served.[2] Defendants move to dismiss the § 1983 false imprisonment counts and the state law false imprisonment counts arguing that Rivera's success in this forum would necessarily implicate the validity of the charges for which he has already admitted guilt and accepted a sentence.

Under Florida law, a plea of nolo contendre (or no contest) is equivalent to a conviction. Fla. Stat. § 960.291(3) (a conviction means a guilty verdict by a judge or jury, or a guilty or nolo contendre plea by a defendant, regardless of adjudication of guilt); see also Behm v. Campbell, 925 So.2d 1070, 1072 (Fla. 5th DCA 2006)(no contest plea constituted conviction under Florida law even though adjudication was withheld barring false arrest and battery

---

[2]In contrast to the IA report discussed above, a Court may take judicial notice of the public record without converting the motion to dismiss into a motion for summary judgment. This is because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Makro Capital of Am., Inc. v. UBS AG, 372 F. Supp. 2d 623, 627 (S.D. Fla. 2005)(citations omitted); see also Universal Express, Inc. v. U.S. SEC, No. 05-13142, 2006 WL 1004381, at *1-2 (11th Cir. Apr. 18, 2006). Thus, this Court may take judicial notice of documents filed in other judicial proceedings for the limited purpose of recognizing the subject matter of the litigation and/or issues decided therein. See Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995). Accordingly, the Court takes judicial notice that Rivera entered a plea of no contest, in case number 07-CM-008528, to a charge of disorderly conduct, which stemmed from Rivera's April 21, 2007, arrest.

7

claims stemming from arrest).

Rivera entered a plea of nolo contendre to the charges that arose out of his arrest and was adjudicated guilty. He now seeks to have this Court review the constitutionality of the seizure that occurred on that date under § 1983. This would necessarily implicate the validity of the charges for which he has already admitted guilt and accepted a sentence. Under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), a plaintiff is precluded from bringing a § 1983 claim for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless he shows that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254. The Court is unaware that any of these pre-conditions to suit have been met.

In addition, a judgment of conviction is conclusive evidence of probable cause, unless the judgment was obtained by fraud, perjury or other corrupt means. Behm, 925 So.2d at 1072 (citing Moody v. City of Key West, 805 So.2d 1018 (Fla. 3d DCA 2001); Carter v. City of St. Petersburg, 319 So.2d 602

8

(Fla. 2d DCA 1975)).  Again, the Court has no allegation or evidence that Rivera's plea was obtained by fraud or any corrupt means.  As such, Rivera's conviction establishes probable cause for his arrest.  The "existence of probable cause at the time of arrest ... constitutes an absolute bar to a section 1983 action for false arrest."  <u>Case v. Eslinger</u>, 555 F.3d 1317, 1326-27 (11th Cir. 2009)(quotations and citations omitted); <u>Marx v. Gumbinner</u>, 905 F.2d 1503, 1505-06 (11th Cir. 1990); <u>Ortega v. Christian</u>, 85 F.3d 1521, 1525 (11th Cir. 1996).  Accordingly, the conviction and existence of probable cause are a bar to a false arrest claim.  See <u>Rushing v. Parker</u>, 599 F.3d 1263, 1265 (11th Cir. 2010).

Rivera argues that success on the false arrest allegation as to resisting arrest without violence does not necessarily imply the invalidity of the conviction of the disorderly conduct charge and therefore is not barred pursuant to <u>Heck</u>. However, as long as probable cause existed for the charge on which the plaintiff was arrested, or any reasonably related charge, then the officers cannot be held liable.  See <u>Sheehy v. Town of Plymouth</u>, 191 F.3d 15, 20 (1st Cir. 1999); <u>Avery v. King</u>, 110 F.3d 12, 14 (6th Cir. 1997).  The Court finds that resisting arrest without violence and disorderly conduct are reasonably related charges.  Accordingly, Counts VIII, IX, X,

9

XXXIII, XXXIV, XXXV, and XXXVIII are precluded and due to be dismissed.

C. <u>Failure to State a Cause of Action - Freedom of Speech</u>

Defendants next argue that Rivera's § 1983 freedom of speech counts fail to state a claim upon which relief can be granted. In order to state a claim that there was a violation of the First Amendment by retaliation, a plaintiff must allege that (1) the speech was constitutionally protected; (2) defendant's retaliatory conduct adversely affected the protected speech; and (3) a causal connection existed between the defendant's conduct and the adverse effect on speech. <u>Bennett v. Hendrix</u>, 423 F.3d 1247, 1250 (11th Cir. 2005). A plaintiff, in order to survive a motion to dismiss, must allege facts demonstrating that he spoke on a matter of public concern, which requires consideration of the content, form and context of the speech. See <u>Connick v. Myers</u>, 461 U.S. 138, 146-48 (1983). The issue of whether a plaintiff's speech is related to a matter of public concern is a legal question. <u>Ferrara v. Mills</u>, 781 F.2d 1508, 1515 (11th Cir. 1986).

The Court first addresses the threshold question of whether Rivera spoke as a citizen on a matter of public concern. If so, any statement regarding a matter of

10

political, social or other concern to the community is protected. However, if the Court finds that Rivera did not speak as a citizen, or if his speech touches on matters of private concern, it warrants no First Amendment protection. The Court notes that even if such speech may be of general interest to the public, that alone does not make it of public concern for First Amendment purposes. Connick, 461 U.S. at 148; Morgan v. Ford, 6 F.3d 750, 753-54 (11th Cir. 1993)(holding that the mere fact that the topic of the speech was one in which the public might or would have had a great interest is of little moment). The speech must not only be related to matters of public interest, but the purpose of the speech must be to present such issues as matters of public concern.

Rivera alleges that he spoke directly to the officers "inquiring about the acts of excessive force he was witnessing" against his friend. Doc. # 1 at ¶¶ 120, 127 and 134. The Court finds that this speech was made by Rivera arguably as a citizen concerning a matter of public concern such that it survives the motion to dismiss. Accordingly, the motion to dismiss is denied as to these counts.

    D.    <u>Failure to State a Cause of Action - Conspiracy</u>

Rivera alleges in Counts XX, XXI and XXII that the

11

officers engaged in a conspiracy to violate his rights. The intracorporate conspiracy doctrine, however, holds that the acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000). In other words, a corporation cannot conspire with its employees, and its employees cannot conspire among themselves when they are acting within the scope of their employment. Id. The intracorporate conspiracy doctrine applies to claims pursuant to 42 U.S.C. § 1985, id. at 1037-38, and to civil rights cases. A.B. v. Seminole County Sch. Bd., No. 6:05-CV-802-ORL-31KRS, 2005 WL 2105961, at * 9 (M.D. Fla. Aug. 31, 2005); Denney v. City of Albany, 247 F.3d 1172, 1190-91 (11th Cir. 2001). This doctrine applies not only to private corporations, but also to public, government entities. Dickerson v. Alachua County Comm'n, 200 F.3d 761, 767 (11th Cir. 2000).

As the only Defendants in this case are the City of Tampa and the police officers, there is not the multiplicity of actors necessary to make a conspiracy possible. The intracorporate conspiracy doctrine necessitates dismissal of Counts XX, XXI and XXII.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss (Doc. # 15) is **GRANTED** as to Counts VIII, IX, X, XX, XXI, XXII, XXXIII, XXXIV, XXXV, and XXXVIII and is otherwise **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of September, 2011.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record